UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ANDREW J. KAMPURIES,

                              Plaintiff,

-against-                                      1:25-CV-341 (LEK/MJK)

NEW YORK STATE LOCAL
RETIREMENT FUND, *et al.*,

                              Defendants.

<u>**MEMORANDUM-DECISION AND ORDER**</u>

**I.    INTRODUCTION**

Plaintiff Andrew J. Kampuries brings this pro se action against Defendant New York State Local Retirement Fund[1] and Chris Rhoads, asserting violations of his rights. Dkt. No. 1 ("Complaint"). On March 28, 2025, the Honorable Mitchell J. Katz, United States Magistrate Judge, conducted a sufficiency review of the Complaint and issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that the Complaint be dismissed with prejudice and without leave to amend. Dkt. No. 3 ("Report and Recommendation"). On April 9, 2025, Plaintiff filed objections to the Report and Recommendation. Dkt. No. 6 ("Objections").

For the reasons that follow, the Report and Recommendation is modified in part and adopted in all other resepcts. Plaintiff's Complaint is dismissed with prejudice and without leave to amend.

---

[1] Although Plaintiff names "New York State Local Retirement Fund" as a defendant to this action, Compl. at 1, the Court infers that Plaintiff intended to bring suit against the New York State and Local Retirement System ("NYSLRS"). The Court will refer to Defendant as such.

## II.   BACKGROUND

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 1–3.

In the Report and Recommendation, Judge Katz explained that Plaintiff brings three separate claims. *Id.* at 3. "First, Plaintiff alleges that NYSLRS violated his procedural due process right by failing to provide a notice of change in pension benefits. Second, Plaintiff alleges that Defendant Rhoads made a fraudulent misrepresentation to Ms. Kampuries . . . . And last, Plaintiff alleges that NYSLRS breached their fiduciary duty." *Id.* at 3 (internal citations omitted).

In his analysis, Judge Katz first recommended dismissal because Plaintiff's claims are time-barred. *Id.* at 6. With respect to Plaintiff's procedural due process claim brought pursuant to 42 U.S.C. § 1983, Judge Katz explained that the statute of limitations is three years, and Plaintiff's claim began to accrue on December 31, 2018. *Id.* at 6–7. Even after tolling the statute of limitations in light of New York Executive Order 202.8,[2] Judge Katz found Plaintiff's claim to be "almost three years too late." *Id.* at 8.

With respect to Plaintiff's fraudulent misrepresentation claim, Judge Katz explained that the claim "must be commenced within six years of the date the cause of action accrued, or within two years of the time the plaintiff discovered or could have discovered the fraud with reasonable

---

[2] On March 7, 2020, Governor Andrew Cuomo issued New York Executive Order 202.8, which tolled the statute of limitations for "any legal action, notice, motion, or other process or proceeding" because of the COVID-19 pandemic. The Executive Order was extended nine times, tolling the statute of limitations for 228 days. *See Miehle-Kellogg v. County of Suffolk*, No. 19-CV-4943, 2024 WL 5120017, at *12 (E.D.N.Y. Dec. 16, 2024) ("[A]pplying Executive Order 202.8 as interpreted by the majority of the courts in this Circuit and now New York's highest court, the Court finds the statute of limitations period for Plaintiffs' § 1983 claims was tolled for 228 days.").

diligence, whichever is greater." *Id.* (citing *Matana v. Merkin*, 957 F. Supp. 2d 473, 486 (S.D.N.Y. 2013)). Construing the Complaint with the utmost leniency, Judge Katz found that Plaintiff should have become aware of the fraud on December 31, 2018. *Id.* at 9. Accounting for Executive Order 202.8, Judge Katz explained that "Plaintiff needed to bring this lawsuit by August 16, 2021," more than three years earlier. *Id.* Judge Katz recommended finding that Plaintiff's fraudulent misrepresentation claim is also time-barred. *Id.* at 9.

Lastly, Judge Katz explained that the statute of limitations for Plaintiff's breach of fiduciary duty claim is "six years when a plaintiff seeks equitable relief and three years when a plaintiff seeks only money damages." *Id.* at 9 (quoting *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 262 (S.D.N.Y. 2008)). Drawing all inferences in favor of Plaintiff, Judge Katz found that "any breach of fiduciary duty began accruing on October 31, 2018." *Id.* After tolling the statute of limitations pursuant to Executive Order 202.8, Judge Katz stated that "Plaintiff needed to bring the breach of fiduciary duty claim seeking monetary damages by June 16, 2021." *Id.* at 10. He concluded that Plaintiff's claim is time-barred. *Id.*

Judge Katz also recommended dismissal because "Decedent's post-retirement-death benefits have already been paid to him," and he "cannot now sue . . . alleging that he has not been paid." *Id*. Judge Katz found that "NYSLRS records indicate that Plaintiff already accepted payment of the benefit," *id.* (cleaned up), and "Plaintiff's acceptance of a check in full settlement of the benefits operates as an accord and satisfaction discharging the claim," *id.* at 11 (internal quotations omitted).

Further, Judge Katz noted that Plaintiff cannot recover damages from Rhoads. *Id.* at 11. He explained that "injury" is an element of fraudulent misrepresentation under New York law,

3

and "if Plaintiff has been paid money from NYSLRS then Rhoads could not have made statements that ultimately injured Plaintiff." *Id.* at 11–12.

Judge Katz also addressed Plaintiff's contention that Rhoads' allegedly fraudulent statement "caused him to get less money than he should have." *Id.* at 12. He recommended rejecting this contention, explaining that the Complaint does not allege facts that give rise to a strong inference of fraudulent intent and "[n]othing in the documents submitted by Plaintiff establishes how long he was supposed to receive the benefits . . . or how much he was supposed to receive." *Id.* at 12–13.

Judge Katz ultimately recommended dismissing the Complaint with prejudice and without leave to amend. *Id.* at 14. He explained that "Plaintiff cannot, and will not, be able to sufficiently demonstrate legal harm." *Id.* at 13. Thus, "any amendment would be futile." *Id.* at 14.

### III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further

>
> evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.   DISCUSSION

Plaintiff's objections to the Report and Recommendation appear to "reiterate[] the original arguments" made in the Complaint, rather than focus specifically on Judge Katz's findings. *See* Obj. at 1–2. Plaintiff does not pinpoint any specific errors to proposed findings or recommendations; he only restates his case and request for relief. *See id.* Accordingly, the Court will review the Report and Recommendation for clear error.

The Court modifies the Report and Recommendation to the extent that it finds that Plaintiff's breach of fiduciary duty claim must have been brought by June 16, 2021. *See* R. & R. at 9–10. Judge Katz correctly explains that drawing all inferences in favor of Plaintiff, any breach of fiduciary duty claim began to accrue on October 31, 2018. *Id.* at 9. He also correctly notes that when a plaintiff seeks only money damages, the statute of limitations is three years. *Id.*

5

However, Judge Katz erred in finding that Plaintiff needed to bring the breach of fiduciary duty claim by June 16, 2021. *Id.* at 10. After tolling the statute of limitations for 228 days in light of Executive Order 202.8, the breach of fiduciary duty claim must have been brought by June 16, 2022. The Court modifies the Report and Recommendation accordingly. However, because Plaintiff did not bring this claim until this Complaint was filed on March 14, 2025, the Court finds that Plaintiff's breach of fiduciary duty claim is nevertheless time-barred.

All other portions of the Report and Recommendation are approved and adopted. The Court finds that no clear error is apparent from the face of the record. *See DiPilato*, 662 F. Supp. 2d at 339.  Plaintiff's Complaint is dismissed with prejudice and without leave to amend.[3]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 3 is **MODIFIED** to state that Plaintiff must have brought the breach of fiduciary duty claim by June 16, 2022, and **APPROVED and ADOPTED** in all other respects; and it is further

**ORDERED**, that Plaintiff's complaint, Dkt. No. 1, is **DISMISSED with prejudice and without leave to amend**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

---

[3] On May 16, 2025 and June 20, 2025, Plaintiff filed an amended complaint and a second amended complaint. Dkt. Nos. 7, 8. However, in the Report and Recommendation, Judge Katz recommended that the original complaint be dismissed with prejudice and without leave to amend because "Plaintiff cannot, and will not, be able to sufficiently demonstrate legal harm" and "any amendment would be futile." R. & R. at 13–14. The Court agrees. Accordingly, the Court strikes Plaintiff's amended complaints from the docket.

DATED:  June 30, 2025
        Albany, New York

*/s/ Lawrence E. Kahn*
LAWRENCE E. KAHN
United States District Judge